Welch, J.
The want of proper parties in the district court can not now be assigned for error. No objection on that account seems to have been taken in that court, and the objection ought therefore to be now hoM as waived. Such is the rule established by the code of civil procedure, in civil actions proper, and by analogy it should be made applicable to proceedings in error.
The fact set up in the answer that the plaintiff resided in Illinois, and never demanded the amount due, is no defense to the action for the $16.66. It was the business of the ^obligors to make payment without demand, just as it is the business of the maker of a note so to do. The court, therefore, did not err in sustaining the. demurrer.
But we are satisfied the court erred in holding the sum named in the writing — $300—to be liquidated damages, and not a penalty, and in rendering judgment accordingly for $299, instead of $16.66. It is the simple case of an obligation in a larger sum, to be discharged upon payment of a less sum. The instrument not only provides for the avoidance of the obligation upon payment of the less sum, but it declares the latter to be the amount actually due. According to well-established rules on the subject, either of these characteristics determines the larger sum named to be in the nature of a penalty.
The plaintiff’s counsel argues, that the $300 is too small a sum to be regarded as a penalty. He says that if plaintiff should live to be eighty years old, the annuity would be worth the $300. There is some mistake in this argument. The annual interest on $300 would be $18, and, therefore, if she were to live/orewer, the annuity would not be worth $300. He argues, also, that the annuity was originally a charge upon land, and that it is, therefore, unreasonable to suppose she meant to incur the expense and trouble of annual collections. The answer to this argument is, that it would involve as much trouble and expense to make the money from the land, as to collect it on a bond; and the fact that such expense and' trouble might be necessary, would be a reason for placing a low estimate, and not a high one, upon its present value. Such an annuity could not have been estimated by the parties at a sum yielding an interest exceeding the annual installments. The $300 must have *66 been regarded as a penalty. It is a round sum, .adopted merely to measure the surety’s liability. It is substituted for the land, and, like it, is a security for the money actually to become due.

Judgment affirmed.

Day, C. J., and White, Brinkerhoee, and Scott, JJ., concurred.